UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.  2:25-cv-06467 AB (DSR)                                      Date: March 30, 2026

Title     Dana Benabou v. Superior Court of California County of Los Angeles, et al.

Present:  The Honorable:  Daniel S. Roberts, United States Magistrate Judge

|  L. Krivitsky  |  n/a  |
| --- | --- |
| Deputy Clerk | Court Reporter / Recorder |

| Attorneys Present for Plaintiff(s)/Petitioner(s): | Attorneys Present for Defendant(s)/Respondent(s): |
| --- | --- |
| None present | None present |

**Proceedings:**          (IN CHAMBERS) **ORDER TO SHOW CAUSE WHY CASE SHOULD NOT BE DISMISSED FOR FAILURE TO PROSECUTE AND FAILURE TO COMPLY WITH COURT ORDERS**

Plaintiff initiated this case on July 16, 2025, by filing her Complaint, an Ex Parte Application for a Temporary Restraining Order, and a request for the clerk to issue the Summons.  See Doc. Nos. 1, 3, and 4.  The same day the clerk noted that the Summons Plaintiff prepared was deficient in that its caption did not match the caption of the Complaint verbatim as required, and instructed Plaintiff to correct that defect and re-file the request for issuance of Summons.  See Doc. No. 8.  On July 20, 2025, Plaintiff filed an Ex Parte Application to seal portions of her Complaint on the ground that the Complaint "contain[s] highly sensitive medical and psychiatric information, including health records of a minor child."  Doc. No. 13 at ECF p. 2.  Plaintiff noted in that application that "no defendants have yet been served in this action."  Id.

On July 28, 2025, the Court granted Plaintiff's Ex Parte Application to seal portions of her Complaint and exhibits thereto, and ordered Plaintiff to file redacted versions of those documents promptly.  See Doc. No. 17.  On July 30, 2025, the Court denied Plaintiff's Ex Parte Application for a Temporary Restraining Order both procedurally on the grounds that Plaintiff had not served Defendants with the lawsuit or the Ex Parte Application, that the application was untimely because the action she sought to restrain had already occurred by the time she filed the application, and substantively on the grounds that there was a substantial question over this

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA


**CIVIL MINUTES – GENERAL**


Case No.  2:25-cv-06467 AB (DSR)                                    Date: March 30, 2026

Title     Dana Benabou v. Superior Court of California County of Los Angeles, et al.


Court's jurisdiction to grant such relief in light of apparent Eleventh Amendment immunity, absolute judicial immunity, Younger abstention, the Rooker-Feldman doctrine, and the Anti-Injunction Act.  See Doc. No. 18.

Since that time, Plaintiff has taken no action to prosecute her case.  She has not submitted a correct Summons for issuance, and therefore has not served any Defendant with this lawsuit.  Nor has Plaintiff filed the redacted version of the Complaint as ordered by the Court so that a redacted version of the Complaint not containing the sensitive health information could be available in the public record.

In addition, various orders of this Court served on Plaintiff by mail have been returned by the Postal Service as undeliverable.  See Doc. Nos. 16, 19, 20, 21, 22, 23, 14, 27.  Plaintiff has not filed a notice of change of address to keep the Court apprised of her mailing address.

Federal Rule of Civil Procedure 4(b) requires the plaintiff to prepare the Summons and present it to the clerk of issuance.  Rule 4(c) requires the plaintiff then to serve the Summons and a copy of the Complaint on the defendants by the methods specified in that Rule.  Rule 4(m) requires the plaintiff to complete such service within 90 days after the complaint is filed unless that deadline is extended by the Court for good cause.  Finally, Rule 4(l) requires the plaintiff to file proof of that service with the Court.  Plaintiff has not complied with any of these steps.  The Summons she initially prepared was deficient and the clerk instructed her to remedy that issue and resubmit the Summons for issuance, but Plaintiff has not done so.  Plaintiff therefore has also not served the Summons and Complaint on any Defendant.  Plaintiff has not sought any extension of the 90-day period for service under Rule 4(m), and more than eight months – let alone 90 days – have now passed since the filing of the Complaint.  In short, Plaintiff has not complied with any of the requirements of Federal Rule of Civil Procedure 4.

In addition, when granting Plaintiff's Ex Parte Application to seal portions of the Complaint to protect medical privacy, the Court ordered Plaintiff to file a redacted version of the Complaint promptly.  Eight months have similarly passed since that point, yet Plaintiff has not yet complied with that Order.

/ / /
/ / /

---

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.   2:25-cv-06467 AB (DSR)                                                    Date: March 30, 2026

Title      Dana Benabou v. Superior Court of California County of Los Angeles, et al.

Finally, Local Civil Rule 41-6 provides that

A party proceeding pro se must keep the Court and all other parties informed of the party's current address as well as any telephone number and email address. If a Court order or other mail served on a pro se plaintiff at his address of record is returned by the Postal Service as undeliverable and the pro se party has not filed a notice of change of address within 14 days of the service date of the order or other Court document, the Court may dismiss the action with or without prejudice for failure to prosecute.

Several Court Orders served by mail on Plaintiff at her address of record have been returned by the Postal Service as undeliverable, as noted above.  Yet Plaintiff has not filed a notice of change of address within 14 days of the service of any of those Orders.

In summary, Plaintiff has failed to comply with various Court Rules and Orders, and has failed to prosecute this case.

Plaintiff is therefore ORDERED TO SHOW CAUSE in writing no later than **21 days from the date of this Order** why this case should not be DISMISSED under Federal Rule of Civil Procedure 41(b) for failure to prosecute and failure to comply with Court orders.  Plaintiff may comply with this Order and prevent such dismissal by (1) updating her address with the Court, (2) filing the required redacted Complaint, and (3) submitting a corrected Summons for issuance in compliance with Rule 4.  Alternatively, Plaintiff may submit a sworn Declaration showing good cause why she has not taken each of those steps and when she will do so.

FAILURE TO COMPLY WITH THIE TERMS OF THIS ORDER BY THE DEADLINE WILL RESULT IN A RECOMMENDATION THAT THE CASE BE DISMISSED WITH PREJUDICE.

|                          |     :     |
|--------------------------|-----------|
| **Initials of Preparer** |    LK     |